# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

No. 10-10110

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID VAUGHT, also known as "Powder"

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-170-7

Before WIENER, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Defendant-Appellant David Vaught appeals his jury conviction for conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Here, among other facts, the government was required to prove the existence of a conspiratorial agreement between Vaught and at least one other person to distribute methamphetamine. We review a jury verdict *de novo*, determining "whether a rational jury could have found that the evidence established guilt beyond a reasonable doubt on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10110

each element of the offense, drawing all reasonable inferences from the evidence and viewing all credibility determinations in the light most favorable to the verdict."[1]

Although there was no direct evidence of an express agreement between Vaught and others to distribute methamphetamine, we are convinced that the jury heard sufficient circumstantial evidence to find that such an agreement existed.[2]  There was testimony that Vaught purchased one or two pounds of methamphetamine from the Riojas family's illicit drug organization every week over an extended period of time, that Vaught resold much of this methamphetamine in identified areas of Ft. Worth, that one or more of the Riojas family members knew that some or most of the methamphetamine they transferred to Vaught was intended for resale and discussed with him the quantity sold, and that the Riojas organization would not sell methamphetamine to customers from the areas where Vaught sold it.  Viewed together in the light most favorable to the jury verdict, this evidence is sufficient to support a rational jury's conclusion that Vaught entered into an agreement, implicit if not express, to distribute methamphetamine, thereby elevating his relationship with the Riojas organization to that of a conspiracy, not merely that of buyer/seller as urged by Vaught.  Accordingly, his conviction and the district court's judgment based thereon are

AFFIRMED.

---

[1] *United States v. Solis*, 299 F.3d 420, 445 (5th Cir. 2002).

[2] An agreement may be established exclusively by circumstantial evidence.  *See United States v. Reyes*, 227 F.3d 263, 267 (5th Cir. 2000); *United States v. Duncan*, 919 F.2d 981, 991 (5th Cir. 1990).